# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LEVONA HOLDINGS LTD. <br><br> Plaintiff, <br><br> v. <br><br> VASSILIS KERTSIKOFF and LASCARINA KARASTAMATI <br><br> Defendants. | Civ. Action No. _____ <br><br><br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Levona Holdings Ltd. ("Levona") files this Original Complaint against Defendants Vassilis Kertsikoff ("Kertsikoff") and Lascarina Karastamati ("Karastamati") (Defendants Kertsikoff and Karastamti are sometimes referred to herein collectively as the "Individuals"). In support of its Complaint, Levona would show as follows:

### I.
### STATEMENT OF THE CASE

1.  This is an action for tortious interference of a contract and prospective contract in which the Individuals, Defendants Vassilis Kertsikoff and Lascarina Karastamati, through their actions as individuals and owners, officers, directors, and/or principals of Eletson Corporation and Eletson Holdings Inc., have prevented

Plaintiff Levona Holdings Ltd. from executing a contract and completing the eventual sale of assets to a Texas Corporation. Levona and Eletson Holdings Inc. jointly manage Eletson Gas LLC, with Levona being the majority interest holder. Following of notification of the deal to sell assets, the Individuals sent the Texas Corporation a cease-and-desist letter accusing Levona of illegal actions despite Levona being well within its right to sell the assets of Eletson Gas LLC. Through their actions, the Individuals have diminished and potentially collapsed the deal, resulting in the Individuals continuing to force management fees to accrue to their own subsidiaries. In essence, by tortiously stopping the deal with the potential buyer, the Individuals assure they will continue to receive a payday.

2. Levona seeks monetary relief.

## II.
## THE PARTIES

3. Plaintiff Levona Holdings Ltd. is an entity incorporated in the British Virgin Islands whose registered office is located at Bolder Corporate Services (BVI) Limited, Sea Meadow, P. O. Box 116, Road Town, Tortola, British Virgin Islands.

4. Defendant Kertsikoff is a citizen of Greece. Kertsikoff has conducted business and committed torts in Texas that form the basis of this lawsuit. Kertsikoff may be served at Kertsikoff's address: 49 El Venizelou Street, Filothei, Athens Greece 15237, or wherever Kertsikoff may be found. Pursuant to FED. R. CIV. P. 4(f), Kertsikoff is subject to service of process in Greece under the Hague

2

Convention on the Service Abroad of Judicial and Extrajudicial Documents, and may be served pursuant to the Hague Convention.

5. Defendant Karastamati is a citizen of Greece. Karastamati has conducted business and committed torts in Texas that form the basis of this lawsuit. Karastamati may be served at Karastamati's address: 5 Symis Street, Voula, Athens Greece 167337, or wherever Karastamati may be found. Pursuant to FED. R. CIV. P. 4(f), Karastamati is subject to service of process in Greece under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and may be served pursuant to the Hague Convention.

### III.
### JURISDICTION AND VENUE

6. This Court has personal jurisdiction over the Individuals because the Individuals entered Texas to specifically interfere with a business transaction and affect a contract with a Texas company. The corporation that the Individuals interfered with is based in Houston, Texas, and actions were taken specifically in Houston, Texas to interfere with that transaction. Thus, Houston, Texas is the location where the tort was committed, whether in whole or in part.

7. Venue is appropriate in this Court because a substantial part of the events that are the subject of this lawsuit occurred in Houston, Texas.

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because all parties are citizens of different foreign nations and the value of the damages at issue exceeds $75,000.

## IV.
## FACTUAL BACKGROUND

**A.   The Company**

9. Upon information and belief, Eletson Holdings Inc. ("Eletson Holdings") is a corporation formed under the laws of Liberia. Eletson Holdings was previously registered in the State of Louisiana. Eletson Holdings is owned, operated, and/or controlled by the Individuals.

10. Upon information and belief, Eletson Corporation ("Eletson Corp.," and collectively with Eletson Holdings, "Eletson") is a corporation formed under the laws of Liberia. Eletson Corp. was previously registered in the State of Louisiana. Eletson Corp. is owned, operated, and/or controlled by the Individuals.

11. Levona and Eletson Holdings jointly hold 100% of the common stock of Eletson Gas LLC ("the Company"). Levona holds 100% of the preferred stock of the Company. At all times during Levona's ownership of the preferred stock, the accrued amounts owing to the preferred stockholder were significantly greater than any equity in the Company. As a result, Eletson's access to revenue is therefore primarily achieved through the management fees generated from the management of the Company's vessels.

4859-2724-0753.1

12. At the time Levona joined the Company, the Company was in possession of fourteen vessels: nine 10,000-12,000-cbm liquefied ethylene gas carriers and five LPG carriers.

13. Eletson Corp. and its subsidiaries were responsible for the management of the Company's fourteen vessels.

14. Levona was assigned its interest in the Company from BTO Eletson Holdings L.P., Blackstone Family Tactical Opportunities Investment Partnership (Cayman) ESC L.P., and Blackstone Family Tactical Opportunities Investment Partnership (Cayman) SMD L.P.

15. Levona has not assigned its interest in the Company, including either its common stock or preferred stock, to any party.

16. Eletson Holding is owned, operated, and/or controlled by its principals, the Individuals. The Individuals are also managing members of the Company.

17. The Company's Board of Directors consists of the Individuals and four member managers appointed by Levona.

18. According to the Section 3.6 of the LLC Agreement of the Company, "the Preferred Members, acting by Majority-in-Interest of the Preferred Units shall have the right to make any and all decisions and determinations to be made with respect to, and to cause: (A)(i) the Group Companies to dispose of one or more Vessels (or the equity in the Subsidiary that is the sole owner of any such Vessels)."

4859-2724-0753.1

19. As the sole Preferred Member, Levona could exercise this right, with or without the approval of Eletson or the Individuals.

**B.     The Transaction**

20. On or about July 13, 2022, Eletson offered to buy out Levona's interest in the Company. Specifically, on July 13, 2022, Vassilis, spoke with an agent of Levona and made the offer to buy out Levona's interest in the Company. This offer was memorialized in an email sent later that evening.

21. As evidenced by this offer, Eletson clearly still believed that Levona was in full possession of its rights and interest in the Company as of July 13, 2022.

22. On July 15, 2022, Levona informed the Individuals that as the Preferred Member of the Company, it had secured an Unbinding Letter of Intent (the "Letter of Intent") from A Texas Corporation ("Buyer") to purchase vessels owned by the Company at the time Levona acquired its interest in the Company.

23. When the Individuals were informed of the deal with Buyer, they began openly resisting Levona in the management of the Company.

24. On July 20, 2022, Levona sent an email to the Individuals directing them to respond to the due diligence requests of Buyer. A copy of the Letter of Intent was provided along with the necessary corporate documentation to show the Individuals that both Levona and, by extension, the Company had authorized such actions.

25. On July 26, 2022, "Eletson Holdings, Inc., Eletson Corporation, and other related parties, including the Eletson Directors of Eletson Gas LLC [the Individuals]," through their counsel, sent a letter to the CEO of Buyer ordering that it to cease and desist any negotiations related to its interactions with Levona (the "Cease-and-Desist Letter"). In the Cease-and-Desist Letter, the Individuals stated that:

    a) Buyer was attempting to interfere with a contract between Levona and Eletson;

    b) Buyer was engaged in "anti-competitive and collusive activity with Levona," and that Levona's conduct was unlawful; and

    c) Buyer was engaged in tortious conduct by attempting to enter into any transaction with Levona.

26. Upon information and belief, the CEO of Buyer is based in Houston, Texas. Thus, the Individuals knowingly sent the Cease-and-Desist Letter to Houston, Texas as part of an effort to interfere with and stop the deal between Levona and Buyer, a Texas corporation.

27. As a result of the Individuals' actions, including but not limited to, the improper submission of the Cease-and-Desist Letter, the transaction is in jeopardy.

## V.
### CAUSES OF ACTION

**Count 1: Tortious Interference with a Contract (All Defendants)**

28. The allegations contained in paragraphs 1-27 of this Complaint are re-alleged and incorporated herein by reference.

29. The Letter of Intent represented a legal contract that outlines the conditions under which the above-described transaction would occur.

30. On or about July 20, 2022, Eletson, by and through the Individuals, were directly informed of their duties and responsibilities as the result of the Letter of Intent.

31. Six days later, on July 26, 2022, the Individuals intentionally interfered with this contract by sending the Cease-and-Desist Letter, in an attempt to sabotage the above-described transaction.

32. The Individuals continue to interfere with the contract by not allowing the Company or Levona to provide the necessary due diligence information to Buyer.

33. But for the Individuals' non-cooperation with Buyer's due diligence process and submission of the Cease-and-Desist Letter, the Company would complete the transaction with Buyer.

34. As a result of the Individuals' interference, the Company and Buyer cannot fulfill their requirements under the Letter of Intent, resulting in the potential loss of the deal.

**Count 2: Tortious Interference with a Prospective Contract (All Defendants)**

35. The allegations contained in paragraphs 1-34 of this Complaint are re-alleged and incorporated herein by reference.

36. The submission of the Cease-and-Desist Letter by the Individuals represents separate and independent tortious conduct.

37. Eletson and the Individuals represented to Buyer that Levona is acting improperly and/or unlawfully with regard to the Letter of Intent and transaction, thereby defaming Levona and risking its ability to complete the final sale agreement with Buyer. At all times, Levona acted in compliance with its rights – the very rights agreed to by Levona and the Individuals.

38. The Individuals seek to prevent Levona from exercising its right to sell the vessels. By doing so, the Individuals essentially have converted the property of the Company to their property and improperly exercise control over the Company's property.

39. The Individuals have acted outside of their duty to the Company by representing that they have the authority to control the Company.

40. The Individuals' interest in the Company is inferior to that of Levona.

41. Eletson and the Individuals fraudulently purport to be in control of the company despite having made an attempt to buy out the majority interest of Levona less than two weeks prior.

42. There is a reasonable probability that with the cooperation of Eletson and the Individuals, the deal with Buyer would be completed as contemplated by the Letter of the Intent with the full sales price received by the Company.

43. The Individuals are intentionally seeking to prevent Levona and the Company from completing the transaction by making knowingly false statements and accusations so that Levona and the Company cannot financially benefit from the transaction.

44. As a result of the Individuals' interference, the transaction with Buyer might be cancelled.

**Count 3: Unjust Enrichment (All Defendants)**

45. The allegations contained in paragraphs 1-44 of this Complaint are re-alleged and incorporated herein by reference

46. Through their actions, the Individuals seek to prevent the Company from transitioning management of the vessels to Buyer, or a manager of Buyer's selection.

47. As a result, the vessels continue to be managed by Eletson Corp.

4859-2724-0753.1

48. Through its contract with the Company, Eletson Corp., and thereby the Individuals, accrue daily payments for managing the vessels.

49. Each and every day that the Individuals refuse to comply with the sale and thereby delay the sale, they become increasingly enriched at the expense of the Company and Levona.

50. It would be unjust for the Individuals, through their tortious conduct, to delay and obstruct a sale which was negotiated on behalf of the Company, and in so doing allow themselves to remain the managing company. This in turn forces the Company—that no longer wishes to own the vessels—to continue to accrue management fees from the very party preventing the Company from selling the vessels.

**Count 4:  Attorneys' Fees (All Defendants)**

51. The allegations contained in paragraphs 1-50 of this Complaint are re-alleged and incorporated herein by reference.

52. As a result of the Individuals' acts and omissions, Levona was compelled to retain the undersigned attorneys to file this suit. An award of reasonable and necessary attorneys' fees to Levona is authorized by Texas law.

## VI.
### CONDITIONS PRECEDENT

53. All conditions precedent to recovery sought herein have been met and satisfied by Levona or otherwise waived by the Individuals.

4859-2724-0753.1

## VII.
### REQUEST FOR RELIEF & PRAYER

**WHEREFORE,** Plaintiff Levona Holdings Ltd. Respectfully prays for judgment against Defendants Vassilis Kertsikoff and Lascarina Karastamati on all counts as follows:

a) for all actual, compensatory and consequential damages in excess of $1,000,000 as the result of the damage of the relationship with Buyer;

b) for counsel fees and costs of suit;

c) for prejudgment and post-judgment interest; and

d) for such other and further relief that this Honorable Court deems just and appropriate under the circumstances.

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Scott D. Ellis*
Scott D. Ellis
Texas Bar No. 24044606
sellis@foley.com
Shane McDonald
Texas Bar No. 24092797
smcdonald@foley.com
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-2099
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

**FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.**

Mayer S. Klein
mklein@frankelrubin.com
231 S. Bemiston Avenue, Ste. 1111
Clayton, Missouri 63105
Telephone: (314) 725-8000
Facsimile: (314) 726-5837

(*Mayer S. Klein's Motion to Appear Pro Hac Vice before this Court will shortly follow this Original Complaint*)

**ATTORNEYS FOR PLAINTIFF LEVONA HOLDINGS LTD.**